```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION
```

JOEL L. ROWLEY,            )
                           )
         Petitioner,       )
                           )   CAUSE NO. 2:15-CV-343
     vs.                   )
                           )
SUPERINTENDENT,            )
                           )
         Respondent.       )

## OPINION AND ORDER

This matter is before the Court on the 28 U.S.C. § 2254 Habeas Corpus Petition by a Person in State Custody, filed by Joel L. Rowley, a *pro se* prisoner, on September 22, 2015. For the reasons set forth below, the Court **DENIES** habeas corpus relief; **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the clerk to enter judgment in favor of the Respondent and against the Petitioner.

BACKGROUND

Joel L. Rowley, a *pro se* prisoner, filed a habeas corpus petition challenging his conviction and 75 year sentence for murder by the Marion County Superior Court on January 19, 2011, under cause number 49G02-1003-MR-17433. ECF 3 at 1. In deciding this habeas petition, a court must presume the facts set forth by the

state courts are correct. 28 U.S.C. § 2254(e)(1). It is Rowley's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Rowley's offense as follows:

> In the early morning hours of March 5, 2010, Rowley and some of his acquaintances were in involved in a bar fight in Indianapolis. Rowley left the altercation and went to his van, but instead of entering his van he went back into the fray and shot Leon Pepper in the back. Rowley then walked to his van and drove away. Pepper died before emergency personnel could arrive.
>
> Rowley turned himself in to authorities later that day, and the State charged him with murder on March 8. Following the presentation of evidence at his ensuing jury trial, Rowley tendered the following jury instruction on self-defense:
>
>> A. A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony. No person in this State shall be placed in legal jeopardy of any kind whatsoever for protecting himself, his family or a third person by reasonable means necessary.
>>
>> B. Notwithstanding the above a person is not justified in using force if: 1. the person is committing or is escaping after the commission of a crime [;]
>>
>> 2. the person provokes unlawful action by another person with intent to cause bodily injury to the other person; or
>>
>> 3. the person has entered into combat with another person or is the initial

> aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action[.]
>
> The State has the burden of disproving this defense beyond a reasonable doubt.
>
> Appellant's App. at 170. The trial court accepted Rowley's tendered instruction as the court's final instruction number four. Id. at 156. The jury found Rowley guilty as charged and the trial court entered its judgment of conviction and sentence accordingly.

*Rowley v. State*, Cause No. 49A04-1102-CR-34 (Ind. Ct. App. August 26, 2011); ECF 8-3.

After his direct and post-conviction appeals concluded, Rowley filed this federal habeas petition challenging his conviction and sentence. Rowley argues that: (1) trial counsel was ineffective because he did not offer a self-defense jury instruction that highlighted the defendant's perspective; (2) trial counsel was ineffective for failing to interview Officer Hannon; (3) trial counsel was ineffective for failing to advise Rowley to turn in the gun that was used in the shooting to police; (4) appellate counsel was ineffective for failing to challenge the trial court's exclusion of the victim's reputation for carrying a gun; (5) the post-conviction court violated his due process rights by not ruling on one of his claims; (6) the Indiana Court of Appeals violated his due process rights by issuing conflicting opinions; and (7) the Indiana Court of Appeals violated Rowley's due process rights when it determined that Officer Hannon was credible. ECF 3 at 3-5.

DISCUSSION

A. Standard

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 575 U.S. \_\_, \_\_; 135 S.Ct. 1372, 1376 (2015) (quotation marks and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods,* 135 S.Ct. at 1376 (quotation marks and citations omitted).

B. Procedural Default

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id*. (quoting *Rodriguez v. Scillia* , 193 F.3d 913, 916 (7th Cir. 1999)). In the interests of federal-state comity, both the operative facts and controlling law must be put before the state courts. *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (citing *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001); *Boyko*, 259 F.3d at 788).

The Respondent is correct that in Rowley's direct appeal transfer petition, he raised only the issue of whether the trial court erred in instructing the jury. ECF 8-6. It is also true that in Rowley's post-conviction transfer petition, he focused almost exclusively on violations of Indiana law. ECF 8-11. "[T]he task of the habeas court . . . is assessing, in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that

issue on a federal basis." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (quotation marks and internal citations omitted). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814– 15 (citing *Boyko*, 259 F.3d at 788). There are four (4) factors to consider in determining whether a federal claim was fairly presented to the state courts: "(1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Id*. at 815.

Upon review of the petitions for transfer, it is clear that Rowley only passingly mentioned various constitutional provisions. He did not cite to any federal cases, and only one of the state cases he cited involved a federal constitutional claim. Moreover, in his post-conviction petition to transfer, the only pattern of facts that were alleged to be within the mainstream of constitutional litigation were his claims of ineffective assistance of counsel. There is no indication that he pursued the due process claims in state court that he is pursuing here. Thus, it is clear

that Rowley's due process claims in grounds 5, 6 and 7 of his habeas petition are procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Here, Rowley does not even attempt to argue cause or prejudice. A habeas petitioner can also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Rowley does not argue that any such fundamental miscarriage of justice would occur.

Because Rowley cannot show cause for his failure to fairly present these claims in one complete round of state review, or that any fundamental miscarriage of justice would occur if the claims are not addressed, these claims are procedurally defaulted and that

default is not excused. Nevertheless, 28 U.S.C. §2254(b)(2) allows a court to deny a petition on the merits even if the petitioner failed to exhaust he State court remedies. This Court chooses to do so here and will address each of his seven claims below.

C. Merits of Rowley's Petition

I. Ground One

Rowley contends that he received ineffective assistance of counsel based on trial counsel's tendered self defense jury instruction. Rowley claims his trial counsel should have tendered one that highlighted the requirement that when evaluating a self defense claim the evidence should be viewed from the standpoint of the defendant. At the post-conviction hearing, trial counsel testified

> The theory of defense was that the victim was adverse to Mr. Rowley and his friends and that he was getting up, he reached for his pants [during a fight] and [Rowley] believe he was pulling a gun out and so he shot him in the back to defend the other person [Rowley] believed he was about to shoot.

(PCR Tr. at 9.) Trial counsel offered his self defense jury instruction to emphasize the "defense of another." (*Id*. at 8-9.) He attempted to highlight the subjective components during closing argument. *Id*. at 11.

Under the Sixth Amendment, a criminal defendant is entitled to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 16

(2009). To prevail on such a claim, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 693. In assessing prejudice under *Strickland* "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Where it is expedient to do so, a court may resolve an ineffective assistance claim solely on the prejudice prong; in other words, where the petitioner cannot establish prejudice, there is no need to consider in detail whether counsel's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 697; *Watson v. Anglin*, 560 F.3d 687, 689-90 (7th Cir. 2009).

On habeas review, [the] inquiry is now whether the state court unreasonably applied *Strickland* . . . ." *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (*citing Youngblood v. Alvarado*, 541 U.S. 652, 664 (2004)). This creates a "doubly deferential" standard of review here. *Id.* "Given this high standard, even 'egregious' failures of

counsel do not always warrant relief." *McNary,* 708 F.3d at 914.

The Indiana Court of Appeals cited the *Strickland* standard and, upon examining the record, found that

> Here, the self defense instruction . . . essentially tracks the pertinent language of the self defense statute. Ind. Code § 35-41-3-2 (2006). In *Washington v. State*, 997 N.E.2d 342, 349 (Ind. 2013), the Supreme Court emphasized the holding that the "self-defense statute requires both a subjective belief that force was necessary to prevent serious bodily injury and that a reasonable person under the circumstances would have such an actual belief." Therefore, self defense comprises both a subjective and objective component. In considering "standpoint of the defendant" language, the Supreme Court has emphasized that "the jury should examine circumstances as they appeared to the defendant. But, while the defendant's own account is critically relevant, the stand is still the reasonableness of the defendant." *Id.* "Focusing on the 'standpoint of the defendant' means at least two things: (1) the trier of fact must consider the circumstances as they appeared to the defendant, rather than to the victim or anyone else; and (2) the defendant's own account, although not required to be believed, is critically relevant testimony." *Id.* at 350.
>
> ***
>
> Further, the instruction that was given did instruct the jury that the standard to be used was what Rowley reasonably believed at the time of the infliction of injury. The post-conviction noted that the tendered instruction was nearly identical to the instruction of the trial court intended to give, but did not because Rowley's was better and more appropriate. This was so because Rowley's instruction added more language regarding the protection of third persons, which was at the heard of Rowley's defense.
>
> Rowley's trial counsel testified that he believed that during closing argument he did highlight the "standpoint of the defendant." The record reflects that trial counsel argued to the jury that Rowley acted reasonably and was justified in shooting the victim because he believed the victim was going to shoot his friend. Therefore, trial counsel did effectively inform the jury that the proper

> perspective from which to evaluate the evidence was the defendant's viewpoint. Rowley's counsel correctly argued the law to the jury. See *id.* at 348-49. Rowley has not met his burden of establishing that he was denied effective assistance of counsel.

*State v. Rowley*, Case No. 49A05-1408-PC-413 (Ind. Ct. App. April 20, 2015); ECF 8-9.

Based on the record, the state court's resolution of this claim was not objectively unreasonable. To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted). Here, Rowley has not met this burden.

Rowley's argument is essentially that there is a reasonable probability he would have been acquitted of murder if the jury had been instructed differently. However, the State court's determination that the self defense instruction given was sufficient was not objectively unreasonable. Indeed, though his counsel did not tender the instructions highlighting his subjective belief as he now requests, the tendered instruction was a complete and accurate statement of Indiana law. See *Washington*, 997 N.E.2d at 349. Moreover, the video evidence of the killing makes it unlikely that the self-defense theory would be accepted by the

jury, no matter what form the jury instructions were in. See State Ex. 3.

This Court cannot make a probabilistic determination that a reasonable jury would reach a different result if it was provided with additional jury instructions focusing on Rowley's subjective belief. Reasonable jurists could disagree as to whether (or to what extent) different variations of the self-defense instruction impacted the decision making process of the jury. But fairminded disagreement is not a basis for habeas corpus relief. Indeed, fairminded disagreement precludes habeas corpus relief. *Id.* Therefore the habeas corpus petition must be denied.

### ii. Ground Two

Rowley asserts that his trial counsel was ineffective for failing to interview Officer Derrick Hannon regarding how intoxicated Rowley was just before he gave a statement to police. ECF 3 at 3, 4. Rowley claims that if his counsel would have spoken with Officer Hannon, he would have realized that Rowley was intoxicated at the time he gave his initial statement to police. The argument goes, then, that trial counsel could have moved to suppress that statement. *Id*.

Under the Sixth Amendment, counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 690-91. The decision whether to investigate must be assessed for

reasonableness based on the circumstances, "applying a heavy measure of deference to counsel's judgments." *Id.* at 691. To establish prejudice in connection with counsel's failure to investigate, the petitioner must make a "comprehensive showing" of what further investigation would have revealed. *United States v. Zillges*, 978 F.2d 369, 373 (7th Cir. 1992). The Indiana Court of Appeals cited the appropriate *Strickland* standard and, upon examining the record, found that

> Rowley's testimony did not establish that he was so intoxicated that he did not know what he was saying when he was interviewed by police officers. In addition, his trial testimony did not indicate that he was claiming he was intoxicated when speaking with police officers. Therefore, Rowley has not established that a motion to suppress his statement to police as involuntary due to intoxication would have been granted if raised. Consequently, Rowley has not established that trial counsel's failure to interview Officer Hannon and then call him as a witness at trial prejudiced his defense. We find no error here.

ECF 8-9, p. 14.

Here, the Indiana Court of Appeals rejected Rowley's failure to investigate claim, concluding that there was no apparent reason for counsel to interview Officer Hannon. *Id*. Based on the record, this determination was not unreasonable. Officer Hannon testified at the post-conviction proceedings. After the shooting, Officer Hannon, an acquaintance of Rowley's, arranged to meet him at a bar. (PCR Tr. 22-26.) When Hannon arrived at the bar, Rowley was sitting at the bar finishing his drink. *Id*. at 27. Hannon testified, "[The drink] may not have even been alcohol. But I assumed it was a mixed

drink." *Id*. After Rowley finished his drink, Hannon took him to the police station. *Id*. at 28. Officer Hannon testified that, in his 17 years as a police officer, he had observed intoxicated individuals, that he is a state certified breath test operation, and that, when he and Rowley left the bar, Rowley did not appear to be intoxicated "at all." *Id*. Clearly, Officer Hannon's testimony would not have helped Rowley's suppression argument at trial. Moreover, this Court has independently reviewed Rowley's interview with police officers and finds nothing in it to suggest that Rowley was intoxicated at the time. State Ex. 8. Rowley does not tell the officers that he is intoxicated nor does he appear to be. Because the Indiana Court of Appeals reasonably found that trial counsel's failure to interview Hannon was not prejudicial, this is not a basis for habeas relief.

### iii. Ground Three

Rowley asserts that his trial counsel was ineffective when he advised Rowley not to turn over the murder weapon until the prosecutor requested it. ECF 3 at 4. The Indiana Court of Appeals again using the appropriate *Strickland* standard and, upon examining the record, found that:

> Had counsel advised Rowley to surrender the gun, this conduct would not have refuted the State's contention that Rowley's conduct – leaving the scene of the murder rather than staying and immediately turning the gun over to police – constituted evidence of Rowley's guilty conscience, instead of the righteous defense of a friend. If Rowley had surrendered the weapon to authorities after consulting with his attorney, the State could have argued that he fled the scene of the murder with the murder weapon and only surrendered it upon the advice of

counsel.

> This would not have altered the outcome of the trial. The State introduced a video tape showing Rowley shooting the unarmed victim in the back. Rowley has not demonstrated how trial counsel's failure to advise him to turn the gun over to police prior to trial would have produced a different outcome at trial. We find no prejudice here.

ECF 8-9 at 14, 15.

The Indiana Court of Appeals' decision was not unreasonable. Moreover, Rowley does not explain how it could have been possible the outcome could have been different in the State court had he turned the weapon over to the prosecution. Upon review, it was not objectively unreasonable for the State court to have found that Rowley had not demonstrated that his trial counsel's actions prejudiced his case.

### iv. Ground Four

Rowley claims his appellate counsel was ineffective for failing to challenge a pretrial ruling excluding the victim's reputation for carrying a gun. Typically, proof of character of the deceased is inadmissible. *Phillips v. State*, 550 N.E.2d 1290, 1297 (Ind. 1990). However, when a self-defense claim is raised, "[e]vidence of specific bad acts by the victim is then admissible to show that the victim had a violent character and that the defendant had reason to fear the victim, but it is incumbent on the defendant to make a foundational showing that he had knowledge of those specific bad acts prior to the [crime] before such evidence was admitted." *Id.*

The Indiana Court of Appeals determined that appellate counsel was not ineffective for failing to challenging the exclusion of the victim's reputation for carrying a gun on appeal. The court of appeals first noted that appellate counsel was unable to do so because the issue was not preserved for direct appellate review and Rowley failed to argue or demonstrate that the exclusion of this evidence would have constituted a fundamental error. ECF 8-9 at 18. And, moreover, the court of appeals explained that Rowley did not present any evidence at trial or at his post-conviction proceeding that at the time of the murder he had any knowledge that the victim had a reputation for carrying a gun or a reputation for violence. *Id*. at 19.

Although Rowley now claims his appellate counsel should have raised this issue, he has not made any showing that the Indiana Court of Appeals' decision was unreasonable. Nor does this court find the decision to be so. Indeed, Rowley had never met the victim and did not know anything about him prior to the night of the shooting. (Tr. p. 328). Thus, his appellate counsel would not have succeeded on that argument, *Phillips*, 550 N.E.2d at 1297, and counsel's failure to raise a meritless claim on appeal is not ineffective. *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013).

### v. Ground Five

Rowley claims that the post-conviction court erred in not ruling on one of the issues he raised in his post-conviction

proceedings. On post-conviction, he argued that his trial counsel was ineffective for failing to interview and call as a witness Officer Hannon. The post-conviction court failed to rule on that issue. That is inconsequential, however, because the Indiana Court of Appeals did. ECF 8-9 at 6, 7. Therefore, it is irrelevant whether the post-conviction trial judge failed to rule on that issue.

Moreover, this claim is not cognizable in these proceedings. Although Rowley included the words "due process," in order to open the habeas door, his claim is premised on alleged errors committed by the state court on post-conviction review. Federal habeas relief is not available for errors occurring in the state post-conviction proceedings, since such errors do not implicate the legality of the petitioner's confinement. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); see *Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015) (holding that post-conviction court's denial of evidentiary hearing was simply a challenge to state law post-conviction procedures and not cognizable on habeas review); *Jackson v. Duckworth*, 112 F.3d 878 (7th Cir. 1997). Rowley may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Because Rowley's claim does not present an independent basis for overturning his conviction, it is not a basis for habeas relief.

### vi. Ground Six

Rowley claims that he has been denied due process because the Indiana Court of Appeals issued an opinion an direct appeal that conflicts with their opinion on his post-conviction appeal regarding the self-defense instruction. Again, this type of claim is not cognizable in habeas proceedings. Rowley may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Id*.

Moreover, though, these opinions do not conflict with one another. On direct appeal, the issue was whether the tendered self-defense jury instruction was adequate. The court of appeals found that any error in the tendered self-defense instruction was invited by Rowley, and thus not subject to appellate review. ECF 8-3 at 3. On post-conviction, the issue was whether trial counsel was ineffective for tendering the instruction. The court of appeals found that counsel was not ineffective because the instruction was appropriate. ECF 8-9 at 8-10. Clearly, the issue was different on direct appeal than it was on appeal from the denial of post-conviction relief. Thus, the appellate court opinions were not in conflict with one another.

### vii. Ground Seven

Rowley asserts that the Indiana Court of Appeals erred when it ruled on his ineffective assistance of counsel for failing to interview and call as a witness Officer Hannon. Rowley argues that

because the post-conviction trial court failed to rule on this issue, the court of appeals should have remanded it back to the trial court instead of ruling on it. This, Rowley claims, is a due process violation.

As he did earlier, Rowley raises a claim that he labels "due process," which is premised on alleged errors committed by the state court on post-conviction review. Again, this type of claim is not cognizable here. Federal habeas relief is not available for errors occurring in the state post-conviction proceedings. *See Finley*, 481 U.S. 557; see *Jones*, 778 F.3d at 586; *Jackson*, 112 F.3d 878. "[S]tate court evidentiary rulings rarely will serve as grounds for granting a writ of habeas corpus." *Lilly v. Gilmore*, 988 F.2d 783, 789 (7th Cir. 1993)(citations omitted). "Unless it is shown that 'a specific constitutional right has been violated, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the defendant's right to a fundamentally fair trial' under the Due Process Clause." *Id*. Here, Rowley does not identify or cite to any specific constitutional right that he believes has been violated due to the court of appeals' consideration of the evidence.

C. Certificate of Appealability

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must grant or deny a certificate of appealability. To obtain a

certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Rowley to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

CONCLUSION

For the reasons set forth above, the Court **DENIES** habeas corpus relief; **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the clerk to enter judgment in favor of the Respondent and against the Petitioner.

**DATED: August 30, 2017**        /s/RUDY LOZANO, Judge
                                  **United States District Court**